IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Jason A. Cambron,<br><br>   Petitioner,<br><br>vs.<br><br>Gregory Knowlin, Warden of Turbeville Correctional Institution,<br><br>   Respondent. | No.: 3:12-cv-1919-RMG<br><br>**ORDER** |

  Petitioner Jason A. Cambron, an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections at the time of his original filing, petitioned *pro se* and *in forma pauperis* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., this case was automatically referred to a Magistrate Judge for all pretrial proceedings.

### Background

  On October 18, 2012, Respondent filed a motion to dismiss. (Dkt. No. 18). On October 19, 2012, the Magistrate Judge issued a *Roseboro* order instructing Petitioner on the importance of replying to Respondent's motion to dismiss and directing Petitioner to reply to that dispositive motion within thirty-four (34) days. (Dkt. No. 20).

  On October 26, 2012, the *Roseboro* order sent by the Magistrate Judge to the Petitioner was returned to the Court marked "Unknown at this Address, Return to Sender, Released 10-1-12." (Dkt. No. 23). A previous order granting Respondent's motion for an extension was also

returned to the Court as undeliverable and also bore the word "Released" handwritten on it. (Dkt. No. 16).

On October 30, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R"), in which he recommended dismissing the petition unless Petitioner timely objected to the R&R, notified the Court that he wished to continue this case, and provided a current address to the Court. (Dkt. No. 24 at 3). The Magistrate Judge also advised Petitioner of the procedures and requirement for filing objections to the R&R and the serious consequences of failing to do so, including the specific admonition that failure to file objections to the R&R would result in waiver of his right of appeal. (Dkt. No. 24 at 4).

## Discussion

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Where the Petitioner fails to file any specific objections, this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In the R&R, the Magistrate Judge accurately set forth the facts of this case and the controlling case law. He recommended dismissal unless Petitioner filed an objection to the R&R, notified the Court of his desire to continue this case, or provided a current address to the Court. To date, Petitioner has done none of these. Indeed, upon reviewing the record, it appears from the two pieces of Court mail that have been returned undelivered that Petitioner was released from Turbeville Correctional Institution on or about October 1, 2012.

## Conclusion

The Court, having fully reviewed the record, the Magistrate Judge's Report and Recommendation and the applicable case law, hereby adopts the Report and Recommendation as the Order of the Court. Therefore, Respondent's motion for dismissal is **GRANTED**, and the petition is **DISMISSED**.

## Certificate of Appealability

The governing law provides that:
> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 26, 2012
Charleston, South Carolina